cc: Filer HG

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

_______Division

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 21 2025 RM
at 1 o'clock and 30 min. P M
Lucy H. Carrillo, Clerk

| | |
|---|---|
| **MICHAEL MOORE**<br>**PLAINTIFF**<br><br>Vs.<br><br>**FULL LIFE &**<br>**PROSERVICES HAWAII**<br><br>**DEFENDANTS** | **Case No.:** CV25 00080 HG WRP<br><br>**Jury Trial:** ☒ **Yes** ☐ **No** |

**COMPLAINT FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)**

## I. The Parties to This Complaint

**Plaintiff**

- **Name**: Michael Moore
- **Street Address**: 24 Pukihae St., Apt #223
- **City and County**: Hilo, Hawaii
- **State and Zip Code**: Hawaii, 96720
- **Telephone Number**: 808-746-4601
- **E-mail Address**: moore.michael14@gmail.com

**Defendants**

**Defendant No. 1: Full Life**

- **Name**: Full Life
- **Job or Title**: Employer
- **Street Address**: 792 Piilani Street
- **City and County**: Hilo Hawaii
- **State and Zip Code**: HI, 96720

Received By Mail
Date 2/21/2025

Mailed on
Date 2/24/2025

- **Telephone Number**: 808=935-7699

**Defendant No. 2: ProService Hawaii**

- **Name**: ProService Hawaii
- Job or Title: Human Resources Contractor
- **Street Address**: 6600 Kalanianaole Hwy Ste 200,
- City and County: Honolulu, Hawaii
- State and Zip Code: HI, 96825
- Telephone Number: (808) 202-2343

**II. Basis for Jurisdiction**

Federal courts have jurisdiction under 29 U.S.C. § 2617(a)(2) for FMLA claims. Plaintiff asserts jurisdiction based on:

☒ Federal Question Jurisdiction (Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1331 as this case arises under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. Plaintiff does not assert any state law claims that require supplemental jurisdiction under 28 U.S.C. § 1367).

## III. Statement of Claims

**COUNT I: FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1))**

**1. Untimely and Deficient FMLA Designation Notice**

• **Fact:** Plaintiff's FMLA leave began on November 26, 2024.

• **Fact:** Defendant Full Life Hawaii issued a WH-382 designation notice on January 27, 2025—43 calendar days later, violating the 5-business-day deadline under 29 C.F.R. § 825.300(d).

**2. Deficient FMLA Designation Notice**

• **Fact:** The WH-382 form issued by Defendant Full Life Hawaii was deficient:

  • It failed to specify the amount of FMLA leave that would be counted against Plaintiff's entitlement, contrary to 29 C.F.R. § 825.300(d)(6), which impacted Plaintiff's leave

planning and management.

- It did not clearly explain the use of Plaintiff's paid leave during FMLA leave, leading to confusion and misapplication of leave policies under 29 C.F.R. § 825.207.
- It failed to detail how FMLA leave interacted with Temporary Disability Insurance (TDI), which resulted in confusion in leave management.

• **Fact:** The notice indicated Plaintiff would not need to provide a fitness-for-duty certification upon return but omitted a list of essential job functions, violating 29 C.F.R. § 825.310(f) by not informing Plaintiff of reinstatement requirements.

**3. Destruction of FMLA Records and System Access Restriction**

• **Fact:** Defendant Full Life Hawaii deleted emails critical to Plaintiff's role, including FMLA-related communications, while allowing Plaintiff to retain his company laptop and office key during leave.

• **Fact:** Despite Supervisor Jim's stated concern about Plaintiff not working during leave, Defendant restricted Plaintiff's system access without requesting these items back.

**4. Payroll Disruptions**

• **Fact:** Defendant ProService Hawaii processed Plaintiff's payroll with recurring errors that disproportionately impacted Plaintiff, including unpaid Christmas bonus and miscalculated PTO.

• **Fact:** These errors persisted after Plaintiff raised concerns, interfering with Plaintiff's leave rights.

**5. Failure to Reinstate & Employer Interference with FMLA Leave**

• **Fact:** Defendant Full Life Hawaii did not provide written assurance of reinstatement to Plaintiff's original position or an equivalent role.

• **Fact:** On December 2, 2024, Defendant required Plaintiff to coordinate an ADA

accommodation request while on FMLA leave.

• **Fact:** Supervisor Jim stated Plaintiff was "not responsible for compliance records," contradicting Plaintiff's job description, which includes compliance duties.

**6. Interference During FMLA Leave**

• **Fact:** Plaintiff was required to address payroll discrepancies, which involved communicating with ProService Hawaii during leave, forcing Plaintiff to engage in work-related tasks.

**COUNT II: FMLA RETALIATION (29 U.S.C. § 2615(a)(2))**

**1. Retaliatory Actions Following Protected Activities**

**Fact:** Plaintiff engaged in the following protected activities:

- **November 15, 2024**: Submitted an EVV Compliance Report documenting violations.
- **November 21, 2024**: Received a Performance Improvement Plan (PIP) six days after submitting the EVV report.
- **November 25, 2024**: Submitted a Response to the PIP; filed a Whistleblower Report regarding discrimination; submitted a Harassment Complaint; filed an EEOC discrimination charge (No. 486-2025-00099).

**2. Adverse Actions Post-Protected Activities**

• **Fact:** Following these activities, Defendants took these adverse actions:

- **December 2, 2024**: Initiated an ADA accommodation review while Plaintiff was on FMLA leave, requiring medical forms.
- **December 13, 2024**: Informed employees about Christmas bonuses; Plaintiff received his late on January 9, 2025.
- **December 3, 2024**: Deleted Plaintiff's emails while restricting system access but allowed retention of work equipment.

- **December 20, 2024**: Failed to pay 42% of Plaintiff's PTO balance, an ongoing issue.
- **January 27, 2025**: Issued FMLA designation notice 43 days late.
- **January 31, 2025**: Jim Kilgore stated via email: 'No further information will be provided while you remain on leave.'

**Context:** On November 25, 2024, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC Charge No. 486-2025-00099) alleging racial discrimination by Defendant Full Life Hawaii. The EEOC investigation is ongoing, and Plaintiff asserts these adverse actions by Defendants constitute retaliation for his engagement in protected activities under the FMLA and ADA.

**COUNT III: ADA VIOLATIONS (42 U.S.C. § 12112)**

**1. Miscommunication and Denial of Accommodation**

• **Fact:** Plaintiff's disability accommodation was established in August 2022 and documented in his job description, yet Defendant Full Life Hawaii did not recognize this accommodation, leading to confusion and punitive actions against Plaintiff.

**2. Request for Additional Documentation During FMLA Leave**

• **Fact:** On December 2, 2024, Defendant Full Life Hawaii requested additional ADA-related documentation from Plaintiff while he was on FMLA leave, interfering with his leave rights.

---

## IV. Relief Requested

Plaintiff seeks:

1. **Declaratory Relief:** Finding Defendants violated the FMLA and ADA.
2. **Reinstatement** to Plaintiff's prior role.
3. **Back Pay:** For any lost wages, bonuses, and compensation not covered by PTO or TDI payments, including underpayments or discrimination in payroll processing.
4. **Liquidated Damages** under 29 U.S.C. § 2617(a)(1)(A)(iii).

5. **Compensatory Damages** for emotional distress.
6. **Costs:** Reimbursement for all costs associated with this legal action under 29 U.S.C. § 2617(a)(3) and 42 U.S.C. § 12205.
7. **Injunctive Relief:** Mandating FMLA and ADA policy reforms.

**WHEREFORE**, Plaintiff prays for relief as stated above, and for any other relief this Court deems just and proper.

DATED: 2/20/25

[signature]

Michael Moore, Plaintiff Pro Se
24 Pukihae St., #223
Hilo HI 96720
moore.michael14@gmail.com
808-746-4601

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: **(1)** is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; **(2)** is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and **(4)** the complaint otherwise complies with the requirements of Rule 11.

A. I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED: 2/20/25

[signature]

Michael Moore, Plaintiff Pro Se

24 Pukihae St, Apt 223

Hilo HI, 96720

moore.michael14@gmail.com

808-746-4601