cc: HG Filer

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAR 07 2025
at 12 o'clock and 17 min. P M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **MICHAEL MOORE**<br>**PLAINTIFF**<br><br>Vs.<br><br>**FULL LIFE &**<br>**PROSERVICES HAWAII**<br><br>**DEFENDANTS** | **Case No.: 25-CV-00080-11G-WRP**<br><br>**Jury Trial:** ☒ **Yes** ☐ **No** |

**AMENDED COMPLAINT FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)**

## I. The Parties to This Complaint

**Plaintiff**

- **Name**: Michael Moore
- **Street Address**: 24 Pukihae St., Apt #223
- **City and County**: Hilo, Hawaii
- **State and Zip Code**: Hawaii, 96720
- **Telephone Number**: 808-746-4601
- **E-mail Address**: moore.michael14@gmail.com

**Defendants**

**Defendant No. 1: Full Life**

- **Name**: Full Life
- **Job or Title**: Employer
- **Street Address**: 792 Piilani Street
- **City and County**: Hilo Hawaii
- **State and Zip Code**: HI, 96720
- **Telephone Number**: 808=935-7699

Received By Mail
Date 03/07/25

Mailed On
Date 03/07/25

**Defendant No. 2: ProService Hawaii**

- **Name**: ProService Hawaii
- Job or Title: Human Resources Contractor
- **Street Address**: 6600 Kalanianaole Hwy Ste 200,
- City and County: Honolulu, Hawaii
- State and Zip Code: HI, 96825
- Telephone Number: (808) 202-2343

## II. Basis for Jurisdiction

Federal courts have jurisdiction under:

- 29 U.S.C. § 2617(a)(2) for FMLA claims
- 42 U.S.C. § 12117 for ADA claims

Plaintiff asserts:

☒ **Federal Question Jurisdiction** under 28 U.S.C. § 1331, as this case arises under the Family and Medical Leave Act (29 U.S.C. §§ 2601 et seq.) and the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.). No state law claims are asserted requiring supplemental jurisdiction under 28 U.S.C. § 1367.

## III. Statement of Claims

**COUNT I: FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1))**

**1. Untimely and Deficient FMLA Designation Notice:**

- **Fact:** Plaintiff's FMLA leave began on November 26, 2024.
- **Fact:** Defendant Full Life Hawaii issued a WH-382 designation notice on January 27, 2025—43 calendar days later—exceeding the 5-business-day requirement under 29 C.F.R. § 825.300(d).

**2. Deficient FMLA Designation Notice:**

The WH-382 form from Full Life was incomplete:

• **Fact:** It omitted the amount of FMLA leave counted against Plaintiff's entitlement, violating 29 C.F.R. § 825.300(d)(6), which hindered Plaintiff's ability to plan his leave.

• **Fact**: It failed to clarify the use of paid leave during FMLA, causing confusion under 29 C.F.R. §825.207.

• **Fact**: It did not explain how FMLA leave interacted with Temporary Disability Insurance (TDI), complicating leave management.

• **Fact**: The notice stated no fitness-for-duty certification was needed but omitted essential job functions, violating 29 C.F.R. § 825.310(f) and leaving Plaintiff uninformed about reinstatement conditions.

**3. Destruction of FMLA Records and System Access Restrictions**

• **Fact:** On or after December 3, 2024, Defendant Full Life Hawaii deleted Plaintiff's emails, including correspondence related to his FMLA leave. These emails contained information about payroll discrepancies and leave status updates that Plaintiff used to manage his leave and prepare for his return to work.

• **Fact:** On or after December 3, 2024, Full Life restricted Plaintiff's access to the company system, blocking him from work-related records.

• **Fact:** In a January 24, 2025 email, Supervisor Jim Kilgore stated that Plaintiff "should not be working while on an extended leave" and cited this as the reason for the system access restriction.

• **Fact:** Full Life allowed Plaintiff to keep his company laptop and office key throughout his leave and did not request their return during this period.

**4. Payroll Disruptions**

• **Fact**: ProService Hawaii, under Full Life's direction, processed Plaintiff's payroll with errors, such as an unpaid Christmas bonus due on December 13, 2024, paid late on January 9, 2025, and miscalculated PTO (e.g., 42% unpaid as of December 20, 2024).

• **Fact**: These errors, persisting despite Plaintiff's complaints (e.g., on December 20, 2024), caused financial hardship during his leave, interfering with his FMLA rights.

**5. Failure to Reinstate & Interference During Leave**

• **Fact**: Full Life provided no written assurance of reinstatement to Plaintiff's original or equivalent role, creating job security uncertainty.

• **Fact:** On December 2, 2024, Full Life required Plaintiff to coordinate an ADA accommodation request during FMLA leave, forcing work-related tasks.

• **Fact**: Plaintiff was also required to address payroll issues (e.g., contacting ProService on January 15, 2025, about the unpaid bonus), disrupting his protected leave.

**COUNT II: FMLA RETALIATION (29 U.S.C. § 2615(a)(2))**

**1. Protected Activities**

• **Fact**: **November 15, 2024**: Plaintiff submitted an EVV Compliance Report documenting violations.

• **Fact**: **November 25, 2024**: Plaintiff submitted a PIP Response, a Whistleblower Report on discrimination, a Harassment Complaint, and an EEOC charge (No.86-2025-00099).

**2. Adverse Actions Following Protected Activities**

- **Fact: November 21, 2024**: Full Life issued a Performance Improvement Plan (PIP) six days after the EVV report, imposing excessive oversight and termination threats, despite Plaintiff's recent promotion and strong performance—deviating from standard practice.
- **Fact: December 2, 2024:** Full Life initiated an ADA accommodation review during Plaintiff's FMLA leave, requiring medical forms.
- **Fact:** On or after **December 3, 2024**: Full Life deleted Plaintiff's emails and restricted system access.
- **Fact: December 13, 2024:** Plaintiff's Christmas bonus was delayed until January 9, 2025.
- **Fact**: **December 20, 2024**: Full Life failed to pay 42% of Plaintiff's PTO balance.
- **Fact: January 27, 2025**: Full Life issued the FMLA notice 43 days late.
- **Fact: January 31, 2025**: Supervisor Jim emailed, "No further information will be provided while you remain on leave," limiting Plaintiff's ability to resolve issues.

**Context**

The PIP and subsequent actions were retaliatory, tied to Plaintiff's EVV report and EEOC charge alleging racial discrimination, with the EEOC investigation ongoing.

**COUNT III: ADA VIOLATIONS (42 U.S.C. § 12112)**

**1. Denial of Established Accommodation**

- **Fact**: Plaintiff's remote work accommodation, established in August 2022 and part of his job description, was disregarded by Full Life. The PIP on November 21, 2024, mandated office attendance, a punitive change violating Plaintiff's ADA rights.

**2. Interference During FMLA Leave**

• **Fact**: On December 2, 2024, Full Life demanded additional ADA documentation during Plaintiff's FMLA leave, exacerbating distress and interfering with his protected leave.

---

**IV. Relief Requested**

Plaintiff seeks:

1. **Declaratory Relief:** A finding that Defendants violated the FMLA and ADA.
2. **Reinstatement:** To Plaintiff's prior role with accommodations intact.
3. **Back Pay:** For lost wages, bonuses, and unpaid PTO.
4. **Liquidated Damages:** Under 29 U.S.C. § 2617(a)(1)(A)(iii) for FMLA violations.
5. **Compensatory Damages:** For emotional distress caused by Defendants' actions.
6. **Costs:** Reimbursement under 29 U.S.C. § 2617(a)(3) and 42 U.S.C. § 12205.
7. **Injunctive Relief:** Requiring Full Life to reform FMLA and ADA policies.
8. **Punitive Damages:** Under 42 U.S.C. § 1981a, for Full Life's willful ADA violations.

**WHEREFORE**, Plaintiff requests the above relief and any other relief the Court deems just.

**DATED**:

---

Michael Moore, Plaintiff Pro Se
24 Pukihae St., #223
Hilo HI 96720
moore.michael14@gmail.com
808-746-4601

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: **(1)** is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; **(2)** is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and **(4)** the complaint otherwise complies with the requirements of Rule 11.

A. I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED:

______________________________

Michael Moore, Plaintiff Pro Se

24 Pukihae St, Apt 223

Hilo HI, 96720

moore.michael14@gmail.com

808-746-4601