cc: HG + file
ORIGINAL
FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 16 2025
at 11 o'clock and 45 min. A M
Lucy H. Carrillo, Clerk

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| **MICHAEL MOORE**<br>**PLAINTIFF**<br><br>Vs.<br><br>**FULL LIFE &**<br>**PROSERVICES HAWAII**<br><br>**DEFENDANTS** | **Case No.: 25-CV-00080-11G-WRP**<br><br>**Jury Trial:** ☒ **Yes** ☐ **No** |

**SECOND AMENDED COMPLAINT FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)**

## I. The Parties to This Complaint

**Plaintiff**

- **Name**: Michael Moore
- **Street Address**: 24 Pukihae St., Apt #223
- **City and County**: Hilo, Hawaii
- **State and Zip Code**: Hawaii, 96720
- **Telephone Number**: 808-746-4601
- **E-mail Address**: moore.michael14@gmail.com

**Defendants**

**Defendant No. 1: Full Life**

- **Name**: Full Life
- **Job or Title**: Employer
- **Street Address**: 792 Piilani Street
- **City and County**: Hilo Hawaii
- **State and Zip Code**: HI, 96720

Received By Mail
Date 5/16/25

Mailed On
Date 5/16/25

- **Telephone Number**: 808=935-7699

**Defendant No. 2: ProService Hawaii**

- **Name**: ProService Hawaii
- Job or Title: Human Resources Contractor
- **Street Address**: 6600 Kalanianaole Hwy Ste 200,
- City and County: Honolulu, Hawaii
- State and Zip Code: HI, 96825
- Telephone Number: (808) 202-2343

**II. Basis for Jurisdiction**

Federal courts have jurisdiction under:

- 29 U.S.C. § 2617(a)(2) for FMLA claims
- 42 U.S.C. § 12117 for ADA claims

Plaintiff asserts:

☒ **Federal Question Jurisdiction** under 28 U.S.C. § 1331, as this case arises under the Family and Medical Leave Act (29 U.S.C. §§ 2601 et seq.) and the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.). No state law claims are asserted requiring supplemental jurisdiction under 28 U.S.C. § 1367.

## III. Statement of Claims

**COUNT I: FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1))**

**1. Untimely and Deficient FMLA Designation Notice:**

• Plaintiff's FMLA leave began on **November 26, 2024.**

• Defendant Full Life Hawaii issued a WH-382 designation notice on **January 27, 2025**—43 calendar days later—exceeding the 5-business-day requirement under 29 C.F.R. § 825.300(d).

**2. Deficient FMLA Designation Notice:**

• The WH-382 form from Full Life was incomplete:

- It omitted the amount of FMLA leave counted against Plaintiff's entitlement, violating 29 C.F.R. § 825.300(d)(6), which hindered Plaintiff's ability to plan his leave.
- It failed to clarify the use of paid leave during FMLA, causing confusion under 29 C.F.R. §825.207.
- It did not explain how FMLA leave interacted with Temporary Disability Insurance (TDI), complicating leave management.
- The notice stated no fitness-for-duty certification was needed but omitted essential job functions, violating 29 C.F.R. § 825.310(f) and leaving Plaintiff uninformed about reinstatement conditions.

**3. Destruction of FMLA Records and System Access Restrictions**

- On or after **December 3, 2024**, Defendant Full Life Hawaii deleted Plaintiff's emails, including correspondence related to his FMLA leave. These emails contained information about payroll discrepancies and leave status updates that Plaintiff used to manage his leave and prepare for his return to work.
- On or after **December 3, 2024**, Full Life restricted Plaintiff's access to the company system, blocking him from work-related records.
- In a **January 24, 2025** email, Supervisor Jim Kilgore stated that Plaintiff "should not be working while on an extended leave" and cited this as the reason for the system access restriction.
- Full Life allowed Plaintiff to keep his company laptop and office key throughout his leave and did not request their return during this period.

**4. Payroll Disruptions**

• ProService Hawaii, under Full Life's direction, processed Plaintiff's payroll with errors:

• Plaintiff's Christmas bonus, due **December 13, 2024**, was paid late on **January 9, 2025**, after Plaintiff's **January 15, 2025** inquiry.

• From **December 3, 2024**, to **January 16, 2025**, Full Life paid only 16.76 PTO hours biweekly ($418.98) instead of 33.74 hours ($843.23, 42% of salary), underpaying Plaintiff $424.25 per period across four periods, totaling $1,697.00.

• On **February 7, 2025**, Check #6256053 paid $1,256.95 (50.28 hours), leaving a $440.05 shortfall, confirmed by ProService on February 20, 2025, but not fully paid by March 7, 2025, when ProService claimed Plaintiff's PTO was exhausted.

• These errors persisted despite Plaintiff's complaints (e.g., **January 22 and February 7, 2025**), causing financial hardship during leave.

**5. Failure to Reinstate & Interference During Leave**

• Full Life provided no written assurance of reinstatement to Plaintiff's original or equivalent role before or after Plaintiff's FMLA leave exhausted on **February 17, 2025**.

• On **December 2, 2024**, Full Life required Plaintiff to coordinate an ADA accommodation request during FMLA leave.

• From **December 2024** to **February 2025**, ProService, under Full Life's direction, required weekly Physical Capabilities Evaluations (PCEs), costing Plaintiff $XXX out of

pocket for out-of-network visits, as Kaiser refused to complete them; Plaintiff stopped on **February 21, 2025**, due to financial hardship, informing ProService on **February 25, 2025**, of a pending reevaluation.

• On **March 10, 2025**, Full Life sent Plaintiff a letter stating his FMLA leave exhausted on **February 17, 2025**, health coverage ended **February 28, 2025**, and demanded a new PCE by **March 17, 2025**, covering absences since **February 24, 2025**, or face potential job loss, despite Plaintiff's prior efforts to comply with documentation requests and Full Life's **January 31, 2025** refusal to provide information during leave.

**COUNT II: FMLA RETALIATION (29 U.S.C. § 2615(a)(2))**

**1. Protected Activities**

• **November 15, 2024**: Plaintiff submitted an EVV Compliance Report documenting violations.

• **November 25, 2024**: Plaintiff submitted a PIP Response, a Whistleblower Report on discrimination, a Harassment Complaint, and an EEOC charge (No.86-2025-00099).

• **February 21, 2025**: Plaintiff filed this lawsuit against Defendants

**2. Adverse Actions Following Protected Activities**

• **November 21, 2024**: Full Life issued a PIP six days after the EVV report, imposing excessive oversight and termination threats, despite Plaintiff's strong performance.

• **December 2, 2024**: Full Life initiated an ADA accommodation review during Plaintiff's FMLA leave, requiring medical forms.

• **December 3, 2024**: Full Life deleted Plaintiff's emails and restricted system access.

• **December 13, 2024**: Plaintiff's Christmas bonus was delayed until January 9, 2025.

• **December 20, 2024**: Full Life failed to pay 42% of Plaintiff's PTO balance.

• **January 27, 2025**: Full Life issued the FMLA notice 43 days late.

• **January 31, 2025**: Jim Kilgore emailed, "No further information will be provided while you remain on leave," limiting Plaintiff's ability to resolve issues.

• **March 10, 2025**: Full Life demanded a new PCE by **March 17, 2025**, threatening job loss despite Plaintiff's prior efforts and Jim's earlier refusal to communicate, following Plaintiff's lawsuit filing on **February 21, 2025**.

**3. Context**

• The EEOC investigation (Charge No. 486-2025-00099) is ongoing, and Plaintiff asserts these adverse actions by Defendants followed his protected activities under FMLA and ADA.

**COUNT III: ADA VIOLATIONS (42 U.S.C. § 12112)**

**1. Denial of Established Accommodation**

• Plaintiff's remote work accommodation for scoliosis, established in **August 2022** and documented in his job description, was disregarded by Full Life. The **November 21, 2024** PIP mandated office attendance three days per week, altering this accommodation without justification.

**2. Interference During FMLA Leave**

• On **December 2, 2024**, Full Life demanded additional ADA documentation during

Plaintiff's FMLA leave.

• From **December 2024** to **February 2025**, Full Life, via ProService, required bi weekly, monthly PCEs for Plaintiff's chronic scoliosis, costing $150 to $200 out of pocket, despite its lifelong nature; this burden persisted with Full Life's **March 10, 2025** letter demanding a new PCE by **March 17, 2025**.

---

**IV. Relief Requested**

Plaintiff seeks:

1. **Declaratory Relief:** A finding that Defendants violated the FMLA and ADA.
2. **Reinstatement:** To Plaintiff's prior role with accommodations intact.
3. **Back Pay:** For lost wages, bonuses, and unpaid PTO.
4. **Liquidated Damages:** Under 29 U.S.C. § 2617(a)(1)(A)(iii) for FMLA violations.
5. **Compensatory Damages:** For emotional distress caused by Defendants' actions.
6. **Costs:** Reimbursement under 29 U.S.C. § 2617(a)(3) and 42 U.S.C. § 12205.
7. **Injunctive Relief:** Requiring Full Life to reform FMLA and ADA policies.
8. **Punitive Damages:** Under 42 U.S.C. § 1981a, for Full Life's willful ADA violations.

**WHEREFORE**, Plaintiff requests the above relief and any other relief the Court deems just.

**DATED**: 05/12/25

[signature]

Michael Moore, Plaintiff Pro Se
24 Pukihae St., #223
Hilo HI 96720
moore.michael14@gmail.com
808-746-4601

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: **(1)** is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; **(2)** is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and **(4)** the complaint otherwise complies with the requirements of Rule 11.

**A.** I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED:

Michael Moore, Plaintiff Pro Se

24 Pukihae St, Apt 223

Hilo HI, 96720

moore.michael14@gmail.com

808-746-4601