IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>FULL LIFE and PROSERVICES HAWAII,<br><br>Defendants. | CIVIL NO. 25-00080 HG WRP<br><br>MEMORANDUM IN SUPPORT OF MOTION |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. PROCEDURAL BACKGROUND ..... 1

III. LEGAL STANDARD ..... 5

A. Fed. R. Civ. P. 12(b)(5) ..... 5

B. Fed. R. Civ. P. 41(b) ..... 5

IV. ARGUMENT ..... 6

A. Plaintiff Has Failed to Properly Serve the Summons and Operative Pleading Upon Full Life ..... 6

B. Plaintiff Has Failed to Comply with the Court's Order, Made Misrepresentations to the Court, and has Filed an Unauthorized Amended Complaint ..... 8

V. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Ayres v. Jacobs & Crumplar, P.A.*,
99 F.3d 565 (3d Cir. 1996) ....................7

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004) ....................5, 6

*In re Focus Media Inc.*,
387 F.3d 1077 (9th Cir. 2004) ....................6

*Jackson v. Hayakawa*,
682 F.2d 1344 (9th Cir. 1982) ....................5, 6

*Jones v. Auto. Club of S. Cal.*,
26 Fed. Appx. 740 (9th Cir. 2002)....................7

*S.J. v. Issaquah Sch. Dist. No. 411*,
470 F.3d 1288 (9th Cir. 2006) ....................5

*Schagene v. Northrop Grumman*,
No. 11 CV 1642 AJB NLS, 2012 WL 216531
(S.D. Cal. Jan. 24, 2012)....................7

*Slate v. Am. Broad. Cos.*,
941 F. Supp. 2d 27 (D.D.C. 2013), *aff'd*, 584 Fed. Appx. 2
(D.C. Cir. 2014) ....................9


**Court Rules**


Fed. R. Civ. P. 4 ....................5, 6

Fed. R. Civ. P. 4(h)(1)....................7

Fed. R. Civ. P. 4(h)(1)(B) ....................6

Fed. R. Civ. P. 12(b)(5)....................5

Fed. R. Civ. P. 41(b) ....................5, 6, 10

Local Rule 10.4 ....................2

# **MEMORANDUM IN SUPPORT OF MOTION**

## I. INTRODUCTION

Defendant FULL LIFE ("Defendant" or "Full Life") respectfully requests that this Court dismiss with prejudice Plaintiff's Second Amended Complaint (filed May 16, 2025) [ECF #17] ("SAC") or quash service of process [ECF #19]. Plaintiff MICHAEL MOORE ("Plaintiff") has failed to properly effect service of process on Full Life where he has left the Summons and an incorrect, non-operative version of the SAC on an employee who is not a proper agent of Full Life. Moreover, even if the documents were left with an appropriate individual, as just noted, the document Plaintiff claims to have served on Full Life was stricken by the Court and is not the approved and operative pleading in this matter, and in serving an incorrect, unapproved SAC, Plaintiff has defied the Court's Order regarding the filing and service of the SAC.

## II. PROCEDURAL BACKGROUND

On February 21, 2025, Plaintiff filed his original Complaint naming both Full Life and ProService as Defendants, and asserting claims for interference with the Family Medical Leave Act ("FMLA"), FMLA retaliation, and violations of the Americans with Disabilities Act ("ADA"). *See* ECF #1.

On March 7, 2025, Plaintiff filed an Amended Complaint [ECF #4], then one week later, on March 14, 2025, Plaintiff filed a Motion for Leave to File

Second Amended Complaint, with a Second Amended Complaint attached thereto [ECF #8, #8-1].

On March 19, 2025, the Court denied Plaintiff's Motion for Leave to File Second Amended Complaint, noting that Plaintiff had failed to comply with Local Rule 10.4, and cautioned Plaintiff that "any future motion to file an amended complaint shall include a proposed amended complaint in redline format pursuant to Local Rule 10.4 as well as an analysis of the applicable standard." [ECF #9].

On April 1, 2025, Plaintiff filed his second Motion for Leave to File Second Amended Complaint, which included a red-lined version of his proposed second amended complaint [ECF #12, #12-1]. As the red-lining on the proposed SAC makes clear, the SAC includes substantive revisions, including adding completely new allegations, and deleting Count III, alleging violation of the ADA. *See* ECF #12-1.

On April 28, 2025, the Court granted Plaintiff's Motion for Leave to file Second Amended Complaint, and instructed Plaintiff to file his SAC with the red-line formatting removed (hereinafter referred to as the "Court-Approved SAC") no later than May 7, 2025. ECF #14. Plaintiff did not file the Court-Approved SAC by May 7, 2025, and he has not done so since then.

On May 13, 2025, Plaintiff, via a man who identified himself as Carlos Valdez ("Mr. Valdez"), attempted to serve Full Life at its Hilo office. *See*

Declaration of David Cooper ("Cooper Decl.") ¶ 3. Mr. Cooper and another Full Life employee explained to Mr. Valdez that they (Mr. Cooper and the other employee) were not authorized to accept the documents, that Full Life's headquarters are in Kona, and that the only person authorized to accept legal documents on behalf of Full Life is Jim Kilgore. *Id.* Mr. Valdez stated that his responsibility was to drop off documents at the address listed, which was the Hilo address, and he left a copy of the legal documents at Full Life's Hilo office. *Id.*; Ex. A. The documents consisted of a summons and an attached document titled "Second Amended Complaint for Violation of the Family and Medical Leave Act (FMLA)." Cooper Decl. ¶ 4; Ex. A. The attached document, however was <u>not</u> the Court-Approved SAC. *Compare* Ex. A *with* ECF #12-1. Instead, the document left at the Full Life Hilo office appears to be the *proposed* SAC attached to Plaintiff's original Motion for Leave to File Second Amended Complaint [ECF #8, #8.1], which this Court *denied* [ECF #9]. *Compare* Ex. A (reflecting a file-stamp date of Mar. 14, 2025) *with* ECF #8 (reflecting a file-stamp date of Mar. 14, 2025).

On May 16, 2025, Plaintiff filed a Motion to Accept Late Filing of Second Amended Complaint [ECF #16]. Therein, Plaintiff explained to the Court that he had misunderstood the Court's earlier directive regarding the filing of a clean version of the red-lined, proposed SAC, attached to his Motion for Leave to File Second Amended Complaint [ECF #12], *see* ECF #16, at ¶ 2, but stated that

Plaintiff now "seeks to fully comply with all procedural requirements" and "requests the Court accept the clean Second Amended Complaint previously submitted with the motion or permit filing of the attached clean version as a late submission." *See id.* ECF # 16, at ¶ 4. On the same date, Plaintiff filed document captioned "Second Amended Complaint for Violation of the Family and Medical Leave Act (FMLA)" [ECF #17], which did *not* comply with the Court's April 28, 2025 Order [ECF #14], as the document he filed is not the Court-Approved SAC. *Compare* ECF #12-1 (the Court-Approved SAC) *with* ECF #17 (the document Plaintiff filed that purports to be the approved SAC). Instead, it appears that Plaintiff filed the *proposed* SAC attached to Plaintiff's original Motion for Leave to File Second Amended Complaint [ECF #8, #8-1], which this Court *denied* [ECF #9]. *Compare* ECF #17 *with* ECF #8-1.

On May 20, 2025, the Court granted Plaintiff's Motion to Accept Late Filing of Second Amended Complaint [ECF #18].

On May 27, 2025, Plaintiff, through process server Mr. Valdez, filed a Proof of Service representing, incorrectly, that the Summons was served on an individual "designated by law to accept service of process on behalf of Full Life," and naming David Cooper as the authorized agent. *See* ECF #19 (representing that service was properly made); Cooper Decl. ¶¶ 1, 3 (confirming that Mr. Cooper is

not authorized to accept service on behalf of Full Life and that he so informed Mr. Valdez on May 13, 2025).

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(5)

Dismissal of a complaint is appropriate where the plaintiff has failed to properly effect service of process upon the defendant. Fed. R. Civ. P. 12(b)(5). Substantial compliance with service of process requirements is a prerequisite for a court to exercise personal jurisdiction over a defendant. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction.").

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under [Fed. R. Civ. P.] 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If Plaintiff fails to meet his burden, the Court has discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

### B. Fed. R. Civ. P. 41(b)

Dismissal is proper when a plaintiff has failed to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). An

involuntary dismissal under Rule 41(b) operates as an adjudication on the merits. *Id.* As such, a dismissal under Rule 41(b), should be a dismissal *with* prejudice.

## IV. ARGUMENT

### A. Plaintiff Has Failed to Properly Serve the Summons and Operative Pleading Upon Full Life

Plaintiff must show that he properly effected service of process upon Full Life in accordance with Fed. R. Civ. P. 4 ("Rule 4") in order for this Court to exercise personal jurisdiction over Full Life. *See In re Focus Media Inc.*, 387 F.3d 1077, 1081 (9th Cir. 2004); *Jackson*, 682 F.2d at 1347; *Brockmeyer*, 383 F.3d at 801. Unless federal law provides otherwise or the defendant's waiver is filed (neither of which applies in this case), Rule 4(h)(1)(B) requires service within a judicial district of the United States to be made:

> (B) by delivering **a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process** and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; … .

Fed. R. Civ. P. 4(h)(1)(B) (emphasis added).

Plaintiff has failed to properly serve the Summons and Court-Approved SAC on Full Life. First, the person with whom the served documents were left was not an officer, managing agent, general agent, or authorized agent by appointment or by law of Full Life, and he so informed the process server. *See*

Cooper Decl. ¶¶1, 3; *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567 (3d Cir. 1996) (service held improper under Rule 4(h)(1) where summons and complaint were delivered to firm's office manager); *Schagene v. Northrop Grumman*, No. 11 CV 1642 AJB NLS, 2012 WL 216531, at *3 (S.D. Cal. Jan. 24, 2012) (Human Resources Manager, even if she had been employed by the company at the time of service, held not to be an officer, managing or general agent, or an agent authorized by law to receive service of process on behalf of the company); *accord Jones v. Auto. Club of S. Cal.*, 26 Fed. Appx. 740, 743 (9th Cir. 2002) (citing, as one of several reasons that service on corporation's security guard was ineffective, the fact that guard expressly informed the process server he was not authorized to receive service).

Second, the documents that were served did not include the Court-Approved SAC; instead, the documents include what appears to be the attachment to a Motion for Leave to Amend that was *denied* by the Court [*see* ECF #9]. *Compare* Ex. A *with* ECF #12-1. Defendant should not be required to file an Answer to a non-operative pleading, especially where the non-operative pleading appears to be an unauthorized version of an amended complaint.

### B. <u>Plaintiff Has Failed to Comply with the Court's Order, Made Misrepresentations to the Court, and has Filed an Unauthorized Amended Complaint</u>

While quashing service of process or dismissing *without* prejudice might otherwise be appropriate, Defendant urges the Court to dismiss the improperly-filed SAC [ECF #17] *with* prejudice, given that Plaintiff has failed to comply with the Court's April 28, 2025 Order, has made misrepresentations to the Court, and has proceeded to file an unauthorized "Second Amended Complaint."

When the Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint, it expressly ordered Plaintiff to file a clean version of the proposed SAC—*i.e.*, ECF #12-1, but without redline formatting—no later than May 7, 2025 [ECF #14]. Plaintiff failed to comply with this directive.

On May 16, 2025, Plaintiff attributed his noncompliance with the Court Order to a good faith misunderstanding [ECF #16, at ¶ 2], and represented to the Court that he had attached a clean version of the Court-Approved SAC to his Motion to Accept Late Filing of Second Amended Complaint. *See* ECF # 16, at ¶ 3 (referencing "the attached clean version"). However, Plaintiff did not attach a clean version of the Court-Approved SAC, or any other document, to the Motion. *See* ECF #16. To the extent the contemporaneously filed "Second Amended Complaint," ECF #17, was meant to be the referenced "attachment," as noted above, that document is *not* the Court-Approved SAC. *Compare* ECF #17

(including, *inter alia*, an ADA claim) *with* ECF #12-1 (red-lining the removal of the ADA claim).

Additionally, Plaintiff falsely represented in the same Motion that Defendants had been served with the SAC and had yet to respond. ECF #16, at ¶ 3. While it is accurate that Defendants had not responded, Plaintiff had not, in fact, properly effected service of process on Full Life, *see* Cooper Decl. ¶¶ 1, 3, or served the operative pleading on Full Life, *id.* at ¶ 4; Ex. A (which does not include a clean copy of ECF #12-1). This conduct appears intended to mislead the Court and create the impression that proper service had occurred, when it had not.

Although courts generally afford *pro se* litigants leniency, Defendant respectfully submits that while such leniency may be appropriate in addressing technical errors and genuine, good-faith misunderstandings, it is not warranted here, where Plaintiff's abusive practices and failures to comply with the Court's Order amount to bad faith conduct. Granting unchecked leniency risks undermining the integrity of judicial proceedings. *Pro se* litigants should not be allowed to exploit their status to engage in deliberate misrepresentations, disregard Court Orders, or otherwise act with impunity. To preserve fairness and respect for the rule of law, appropriate consequences must follow such misconduct. *See, e.g.*, *Slate v. Am. Broad. Cos.*, 941 F. Supp. 2d 27, 52 (D.D.C. 2013) (dismissing *pro se* plaintiff's lawsuit as a sanction for bad-faith conduct and noting that "to impose

only a monetary sanction would be an open invitation to abuse of the judicial process," especially where a *pro se* plaintiff may be "unwilling or unable to pay any monetary sanctions leveled against him, and of course he cannot be punished with a suspension or revocation of his license to practice because he has none"), *aff'd,* 584 Fed. Appx. 2 (D.C. Cir. 2014). Here, Defendant respectfully requests that the Court grant this Motion and dismiss the SAC with prejudice pursuant to Rule 41(b) as an appropriate consequence for Plaintiff's conduct.

## V. CONCLUSION

Despite the opportunities and guidance provided by this Court to date, Plaintiff has failed to properly file the Court-Approved SAC, has failed to properly effect service of process on Full Life, has purported to serve a non-operative version of the pleading instead of the Court-Approved SAC, and has misrepresented to the Court that he filed a "clean" copy of the Court-Approved SAC. Accordingly, Full Life respectfully requests that the Court grant this motion and dismiss the action against Full Life with prejudice or, at a minimum, quash Plaintiff's purported service of process on Full Life.

DATED: Honolulu, Hawaii, June 3, 2025.

*/s/ Sarah O. Wang*
SARAH O. WANG
JESSICA M. GERMANY

Specially Appearing Attorneys for Defendants FULL LIFE and PROSERVICE PACIFIC, LLC, dba PROSERVICE HAWAII, erroneously identified as PROSERVICES HAWAII