IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL MOORE, | CIVIL NO. 25-00080 DKW-WRP |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTIONS TO DISMISS |
| FULL LIFE; PROSERVICE HAWAII, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTIONS TO DISMISS

Before the Court are (1) Defendant PROSERVICE PACIFIC, LLC's (ProService) Motion to Dismiss with Prejudice Plaintiff's Second Amended Complaint Filed May 16, 2025 and to Quash Service of Process (ProService Motion), ECF No. 20, and (2) Defendant FULL LIFE's (Full Life) Motion to Dismiss with Prejudice Plaintiff's Second Amended Complaint Filed May 16, 2025 or to Quash Service of Process (Full Life Motion), ECF No. 23. Plaintiff Michael Moore (Plaintiff) filed an opposition on June 17, 2025, ECF No. 29. Defendants ProService and Full Life filed reply memoranda on July 3, 2025. ProService Reply, ECF No. 34; Full Life Reply, ECF No. 35.

The Court finds the Motions suitable for disposition without a hearing pursuant to Local Rule 7.1(c). After careful consideration of the Motions, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Motions be GRANTED IN PART AND DENIED IN PART.[1] Specifically, the Court recommends striking the second amended complaint, ECF No. 17, quashing service for failure to serve the operative complaint, allowing Plaintiff to re-file the correct second amended complaint, and permitting Plaintiff to re-serve Defendants.

## RELEVANT BACKGROUND

**A. Plaintiff's Various Complaints**

On February 21, 2025, Plaintiff filed the original Complaint in this case against ProService and Full Life, asserting claims for interference with the Family Medical Leave Act (FMLA), FMLA retaliation, and violations of the Americans with Disabilities Act (ADA). See Complaint, ECF No. 1.

On March 7, 2025, Plaintiff filed the Amended Complaint, ECF No. 4. The following week, on March 14, 2025, Plaintiff filed a Motion for Leave

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

to File Second Amended Complaint, ECF No. 8.  Although the proposed second amended complaint was attached to this motion,[2] it was not in redline format as required by Local Rule 10.4.  See Unapproved SAC, ECF No. 8-1.  Thus, on March 19, 2025, the Court denied Plaintiff's motion and cautioned that "any future motion to file an amended complaint shall include a proposed amended complaint in redline format pursuant to Local Rule 10.4 as well as an analysis of the applicable standard."  March 19, 2025 Minute Order, ECF No. 9.

On April 1, 2025, Plaintiff filed a second Motion for Leave to File Second Amended Complaint, ECF No. 12, which included a redlined version of a proposed second amended complaint.[3]  The proposed second amended complaint attached to this second motion was substantively different from the Unapproved SAC by, among other things, removing the ADA claims.  The Court granted this second motion and directed Plaintiff "to file the Second Amended Complaint with the redline formatting removed no later than 5/7/2025."  April 28, 2025 Minute Order, ECF No. 14 (emphasis omitted).

---

[2] The proposed second amended complaint attached to this motion, ECF No. 8-1, will be referred to as the "Unapproved SAC."

[3] The proposed second amended complaint attached to this second motion, ECF No. 12-1, will be referred to as the "Court-Approved SAC."

On May 16, 2025, after the deadline to do so, Plaintiff filed a second amended complaint (hereinafter, Filed SAC), ECF No. 17, and a Motion to Accept Late Filing of Second Amended Complaint, ECF No. 16. In that motion, Plaintiff asked the Court to accept the late Filed SAC, explaining that he "misunderstood that the clean version submitted with the motion required separate filing post-approval." Motion to Accept Late Filing, ECF No. 16 at 1. The Court granted Plaintiff's request. May 20, 2025 Minute Order, ECF No. 18. Based on the Court's review of the Filed SAC, it appears that Plaintiff filed the *Unapproved SAC* rather than the Court-Approved SAC. Compare Filed SAC, ECF No. 17 with Unapproved SAC, ECF No. 8-1 and Court-Approved SAC, ECF No. 12-1. Plaintiff admits that he inadvertently filed the wrong version of the second amended complaint. See Opp., ECF No. 29 at 6, 14-16.

### B. Service of the Second Amended Complaint

On May 8, 2025, ProService was served with the summons and a second amended complaint. See Declaration of Lahela Kauhia, ECF No. 20-2 at ¶ 3 and Ex. A; Proof of Service, ECF No. 15. However, the second amended complaint served on ProService was not the Court-Approved SAC and appears to be the Unapproved SAC. Compare Ex. A, ECF No. 20-3 (reflecting a file-stamp

date of Mar. 14, 2025) with Unapproved SAC, ECF No. 8-1 (same) and Court-Approved SAC, ECF No. 12-1.

On May 13, 2025, Plaintiff attempted to serve Full Life at its Hilo office. See Declaration of David Cooper (Cooper Decl.), ECF No. 23-2 at ¶ 3. Mr. Cooper and another Full Life employee explained to Plaintiff's process server that they were not authorized to accept service, that Full Life's headquarters is in Kona, and that the only person authorized to accept service of legal documents on behalf of Full Life is its registered agent, Jim Kilgore. See id. Plaintiff's process server nevertheless left a copy of the summons and a second amended complaint at the Hilo office. See id.; Ex. A, ECF No. 23-3; Proof of Service, ECF No. 19. Like the documents served on ProService, the second amended complaint served on Full Life appears to be the Unapproved SAC. Compare Ex. A, ECF No. 23-3 (reflecting a file-stamp date of Mar. 14, 2025) with Unapproved SAC, ECF No. 8-1 (same) and Court-Approved SAC, ECF No. 12-1.

Defendants now seek dismissal and/or quashing of service due to Plaintiff's failure to file and properly serve the Court-Approved SAC.

DISCUSSION

**A. Legal Standard**

Insufficient service of process may result in either dismissal or the quashing of service under Federal Rules of Civil Procedure (FRCP) Rule 12(b)(5). See Chapman v. Teamsters Loc. 853, No. C 07-1527SBA, 2007 WL 3231736, at *1 (N.D. Cal. Oct. 30, 2007). "Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." Id. (citations omitted)

Once service is challenged, the plaintiff bears the burden of establishing that service was valid under FRCP Rule 4. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United Food & Com. Workers Union, Locs. 197, 373, 428, 588, 775, 839, 870, 1119, 1179 & 1532, by United Food & Com. Workers Int'l Union, AFL-CIO v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984) (citations omitted). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987) (citation omitted).

FRCP Rule 4(h) governs service on corporations, partnerships, and associations.  According to Rule 4(h)(1)(B), service must be made within a judicial district of the United States

> by delivering a copy of the summons and of the complaint to an **officer**, a **managing or general agent**, or **any other agent authorized by appointment or by law to receive service of process** and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

FRCP Rule 4(h)(1)(B) (emphasis added).  Importantly, the "complaint accompanying the summons must be the operative complaint, *i.e.*, service is ineffective if the defendant is served with an inoperative version of the complaint." Phillips v. Securitas Sec. Servs. USA, Inc., No. C 17-06693 WHA, 2018 WL 3474186, at *2 (N.D. Cal. July 19, 2018) (citation omitted).

Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings.  See Martin v. Watson, No. CV 22-00466 LEK-WRP, 2023 WL 160091, at *2 (D. Haw. Jan. 11, 2023) (citations omitted); see also Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citation omitted)).

7

### B. The Court Strikes the Filed SAC and Quashes Service for Failure to File and Serve the Operative Second Amended Complaint.

As recounted above, Plaintiff proposed, filed, and served different versions of the second amended complaint. Although the Court initially denied Plaintiff's request for leave to file the Unapproved SAC, ECF No. 9, on April 28, 2025, the Court directed Plaintiff to file a clean version of the Court-Approved SAC, ECF No. 14. However, Plaintiff incorrectly filed and served the *Unapproved SAC*, which is substantively different from the Court-Approved SAC.

The Court FINDS that Plaintiff inadvertently filed and served the incorrect second amended complaint by mistake and not out of bad faith. See Opp., ECF No. 29 at 20 ("Any procedural errors were made in good faith . . . . This is not a case of willful misconduct or deliberate disregard for Court orders[.]"); id. at 22 ("Plaintiff's good faith is further demonstrated by his repeated, documented attempts to seek guidance directly from the Court Clerk's office to ensure his filings were compliant with court rules. . . . [H]e contacted the Court Clerk on at least eight occasions between March 7, 2025, and May 9, 2025, to ask questions about procedural requirements."); see also Motion to Accept Late Filing of Second Amended Complaint, ECF No. 16 at 1-2 ("Plaintiff, acting in good faith, misunderstood that the clean version submitted with the motion required separate filing post-approval. . . . Plaintiff's oversight was due to a misunderstanding of the

8

Court's directive, and he seeks to comply fully with all procedural requirements."). To that end, the Court disagrees with Defendants' characterization that Plaintiff's conduct "amount[s] to bad faith" or otherwise warrants sanctions. See ProService Motion, ECF No. 20 at 8; Full Life Motion, ECF No. 23 at 12; ProService Reply, ECF No. 34 at 4-5; Full Life Reply, ECF No. 35 at 10-11.

Nevertheless, Plaintiff's errors must be cured. The Court therefore RECOMMENDS striking the Filed SAC, ECF No. 17, and permitting Plaintiff to file a clean version of the Court-Approved SAC within **fourteen (14) days** of the District Judge's approval of this Findings and Recommendation. To be clear, Plaintiff shall file the second amended complaint attached to his April 1, 2025 Motion for Leave to File Second Amended Complaint, ECF No. 12-1, with redline formatting removed. Once filed, this document will become the operative Second Amended Complaint.

Regarding service on Defendants, the Court RECOMMENDS quashing service under Rule 12(b)(5) because Plaintiff admittedly served an inoperative version of the second amended complaint on Defendants. See Opp., ECF No. 29 at 6, 14-16; see also Phillips, 2018 WL 3474186, at *2 ("A complaint accompanying the summons must be the operative complaint, *i.e.*, service is ineffective if the defendant is served with an inoperative version of the

9

complaint.") (citation omitted); Chapman, 2007 WL 3231736, at *1 ("Insufficient service of process may result in either dismissal or the quashing of service under Federal Rule of Civil Procedure 12(b)(5)."). The Court declines to recommend dismissal of this action because "there exists a reasonable prospect that service may yet be obtained." See Chapman, 2007 WL 3231736, at *1.

Insofar as the Court recommends quashing service due to serving an inoperative complaint on Defendants, the Court need not address whether service on David Cooper (on behalf of Full Life) or on ProService (as an agent of Full Life) is appropriate. See Opp., ECF No. 29 at 11-14, 17-19 (asserting that service on David Cooper and ProService constituted proper service on Full Life). However, the Court notes that the Hawaii Department of Commerce and Consumer Affairs (DCCA) website lists James Kilgore as the agent for Full Life, and provides Mr. Kilgore's address: 75-6082 Alii Dr., Suite #8, Kailua-Kona, Hawaii 96740. See also Full Life Reply, ECF No. 35 at 8 (noting that Mr. Kilgore is listed as the registered agent for Full Life on DCCA's website with a Kailua-Kona address); Cooper Decl., ECF No. 23-2 at ¶ 1 ("My understanding is that the Executive Director, Mr. Kilgore, is the only person authorized to accept service of process or legal papers for Full Life."). Pursuant to Rule 4(h)(1)(B), service on Mr. Kilgore as Full Life's registered agent would be sufficient. See Fed. R. Civ. P.

10

4(h)(1)(B) (permitting service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Plaintiff shall serve the operative Second Amended Complaint within **forty-five (45) days** of the District Judge's approval of this Findings and Recommendation, and shall promptly file proofs of service. The Court encourages defense counsel to assist Plaintiff in serving Defendants if necessary.

## CONCLUSION

In light of the foregoing, the Court FINDS and RECOMMENDS:

- GRANTING IN PART and DENYING IN PART Defendant ProService's Motion to Dismiss with Prejudice Plaintiff's Second Amended Complaint Filed May 16, 2025 and to Quash Service of Process, ECF No. 20;

- GRANTING IN PART and DENYING IN PART Defendant Full Life's Motion to Dismiss with Prejudice Plaintiff's Second Amended Complaint Filed May 16, 2025 or to Quash Service of Process, ECF No. 23;

- Striking the Second Amended Complaint, ECF No. 17;

- Quashing Plaintiff's service of Defendants;

- Permitting Plaintiff to file a clean version of the Court-Approved SAC within **fourteen (14) days** of the District Judge's approval of this

11

Findings and Recommendation.  To be clear, Plaintiff shall file the second amended complaint attached to his April 1, 2025 Motion for Leave to File Second Amended Complaint, ECF No. 12-1, with redline formatting removed.  Once filed, this document will become the operative Second Amended Complaint.;

- Permitting Plaintiff to serve the operative Second Amended Complaint on Defendants within **forty-five (45) days** of the District Judge's approval of this Findings and Recommendation, and directing Plaintiff to promptly file proofs of service; and

- Denying Defendants' requests in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 25, 2025.



Wes Reber Porter
United States Magistrate Judge

Moore v. Full Life, et al.; Civ. No. 25-00080 DKW-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTIONS TO DISMISS.