IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MICHAEL MOORE,<br><br>       Plaintiff,<br><br>   vs.<br><br>FULL LIFE and PROSERVICES HAWAII,<br><br>       Defendants. | Case No. 25-cv-00080 DKW-WRP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** |

Roughly a year after initiating this action on February 21, 2025, Plaintiff Pro Se Michael Moore moves to voluntarily dismiss the same without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), explaining that he wishes to pursue claims asserted here in a "related, more comprehensive action" that he has also filed in this District.   Dkt. No. 70 at 1.

Defendants Full Life and ProServices Hawaii "do not oppose dismissal in principle[,]" but request dismissal "be conditioned on Plaintiff's payment of Defendants' reasonable attorneys' fees and costs…."   Dkt. No. 74 at 5, 11. Defendants believe such conditioning is appropriate due to Moore's alleged "litigation strategy", the "substantial expense" they have incurred defending this action, the time this case has been pending, Moore's alleged lack of diligence in

seeking dismissal, and an alleged "shift[ing]" of costs caused by Moore's "procedural maneuvering".   *Id.* at 7-10.   In his March 17, 2026 reply, Moore rejects conditioning his attempted dismissal on the payment of attorney's fees and costs, arguing that Defendants have failed to show "legal prejudice" from any dismissal of this action.   Dkt. No. 75.

Rule 41(a)(2) permits a court to dismiss an action at a plaintiff's request "on terms that the court considers proper."   Fed.R.Civ.P. 41(a)(2).   Further, when a plaintiff, such as Moore, requests voluntary dismissal of an action under Rule 41(a)(2), a court may, but is not required to, condition dismissal on the payment of "appropriate" fees and costs, which means "for work which cannot be used in any future litigation of these claims."   *Westlands Water. Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).   Ultimately, the matter is "addressed to the district court's sound discretion…."   *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

With the foregoing in mind, the Court finds that dismissal of this action without prejudice and *without* any conditions, including payment of attorney's fees or costs, is the appropriate course under the circumstances.   First, even if the Court considers the factors relied upon by Defendants, *see* Dkt. No. 74 at 7-10, those factors do not counsel in favor of imposing fees or costs.   Instead, contrary

2

to Defendants' assertions, this litigation, including its procedural history, appears unremarkable.   Second, those factors do not outweigh this Court's control over its docket.   The parties appear to agree that litigating Moore's claims in his companion case, rather than on two fronts, including this one, makes eminent sense.   Given this agreement, the Court declines to hold that result hostage, contingent on the payment that Defendants demand.   Third, Defendants do not even address the merits of Moore's legal theories.   *See Stevedoring Srvcs.*, 889 F.2d at 922 (affirming district court order refusing to condition dismissal on payment of fees or costs, explaining that the court considered the "legitimate factor[]" of whether the plaintiff "had a realistic chance of prevailing on its [legal] theory….").

Because Defendants have failed to show that dismissal should be conditioned on the payment of attorney's fees or costs, Moore's motion for voluntary dismissal, Dkt. No. 70, is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE and without condition, pursuant to Rule 41(a)(2).   After entry of this Order, the Clerk is instructed to enter Judgment.

IT IS SO ORDERED.

DATED: March 31, 2026 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

3